IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02291-PAB-SKC

NORMA ANDERSON, MICHELLE PRIOLA, CLAUDINE CMARADA, KRISTA KAFER, KATHI WRIGHT, and CHRISTOPHER CASTILIAN,

    Petitioners,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State, and DONALD J. TRUMP,

    Respondents.

---

### PETITIONERS' UNOPPOSED MOTION TO REMAND

---

    Petitioners brought this suit in Colorado state court alleging that Respondent Donald J. Trump is disqualified from the Republican presidential primary ballot, and from any future election ballot, in Colorado. Trump removed the case to this Court, but after conferring with Petitioners' counsel he has now indicated that he does not oppose this motion to remand. This case belongs in state court, not federal court, for two independent reasons.

    *First*, Petitioners do not have Article III standing to sustain subject-matter jurisdiction in federal court. They rely on state statutes that give them standing to sue in state court, but not Article III standing. The plain text of 28 U.S.C. § 1447(c) therefore requires remand: "If at any time before final judgment it appears that the district court

1

lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added).

*Second*, Respondent Trump does not meet the statutory requirements for removal because Respondent Jena Griswold neither joined in nor consented to removal as 28 U.S.C. § 1446(b)(2)(A) mandates here: "all defendants who have been properly joined and served must join in or consent to the removal of the action."

Trump did not include a complete docket sheet with his notice of removal. The complete docket sheet, attached as Exhibit 1, shows that Petitioners served Secretary Griswold on September 6 and filed a waiver of service, attached as Exhibit 2, that same day. Because Trump removed a day after a Secretary Griswold was served, her consent or joinder was required. Because she has not joined or consented, the case must be remanded.

Both the constitutional lack of standing and failure to comply with statutory removal requirements compel remand here. Because the grounds for remand are clear and dictated by binding precedent, and because no party opposes this motion to remand, Petitioners respectfully request that the Court resolve this motion without a hearing and without awaiting an opposition.[1]

Counsel for Petitioners conferred with opposing counsel regarding this motion by phone on September 8. Neither Respondent Trump nor Respondent Griswold takes any position on this motion.

---

[1] Petitioners have separately filed a motion to expedite consideration of this motion to remand.

## BACKGROUND

On September 6, 2023, Petitioners filed this petition in Colorado state court, asserting two state law causes of action. *See* Verified Pet. at 1, ECF No. 1-2. Petitioners are "eligible electors" within the meaning of Colorado law. *See* C.R.S. § 1-1-104(16), § 1-1-113(1), and § 1-2-101(1); Verified Pet. ¶¶ 35–41. They "challenge the listing of Respondent Donald J. Trump as a candidate on the 2024 Republican presidential primary election ballot and any future election ballot, based on his disqualification from public office under Section 3 of the Fourteenth Amendment to the Constitution of the United States." Verified Pet. at 1. "Petitioners seek an order declaring Trump disqualified under the Fourteenth Amendment and enjoining Respondent Secretary of State Jena Griswold (the "Secretary") from taking any action that would allow him to access the ballot." *Id.* As "eligible electors" entitled to vote in the 2024 Republican presidential primary election, C.R.S. § 1-1-113(1), Petitioners have standing in state court under Colorado law to prospectively "challenge" as "improp[er]" the "listing of any candidate on the [Republican] presidential primary election ballot … in accordance with section 1-1-113(1)," *id.* § 1-4-1204(4); *see also* Verified Pet. ¶ 41.

On September 6, 2023, the Secretary executed a waiver and acceptance of service of the Verified Petition. *See* Ex. 2. Petitioners promptly filed that waiver in the state court at 3:42 p.m. on September 6, as the complete state court docket at the time of removal reflects. *See* Ex. 1.

The next day, on September 7, Trump filed a Notice of Removal under 28 U.S.C. § 1441(a) and § 1446, asserting federal question jurisdiction, 28 U.S.C. § 1331. *See*

3

Notice of Removal ¶¶ 3, 11, 15, 16, ECF No. 1. However, Trump's Notice of Removal does not allege that the Secretary consented in, or joined in, removal. The Secretary's counsel has since confirmed to Petitioners' counsel that Trump's counsel did not request or obtain the Secretary's consent before filing the notice of removal.

Trump's Notice of Removal wrongly claims that "[t]he Denver District Court docket does not contain a return of service for Jena Griswold, the Colorado Secretary of State, and to undersigned's knowledge the Secretary has not been served." Notice of Removal, ECF No. 1, ¶ 14. The Notice then attaches a copy of the state court docket that does not include the docket entry for the Secretary's waiver and acceptance of service that Petitioners filed the previous afternoon. *Compare* State Court Docket, ECF No. 1-1,[2] *with* State Court Docket, Ex. 1.

## ARGUMENT

Because "[f]ederal courts are courts of limited jurisdiction," there "is a presumption against [federal] jurisdiction." *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022). "[S]tatutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [federal courts'] constitutional role as limited tribunals." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins.*, 683 F.2d 331, 333 (10th Cir. 1982). As "the part[y] removing to federal court," Trump "bear[s] the burden of

---

[2] It is unclear why the copy of the state court docket filed with Trump's removal papers does not include the entry from the prior day. Whatever the reason, Trump's knowledge of whether or not the Secretary had been served is irrelevant. *See infra* Part II.

establishing jurisdiction by a preponderance of the evidence." *Bd. of Cnty. Comm'rs*, 25 F.4th at 1250. One key limitation on jurisdiction is, of course, Article III's requirement that plaintiffs have standing. *See Defs. of Wildlife v. Everson*, 984 F.3d 918, 944–45 (10th Cir. 2020).

The post-removal procedure statute commands that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Thus, "[w]here a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) *mandates* that the case be remanded to state court." *Cruz v. Ally Fin.*, No. 22-CV-01895-PAB, 2023 WL 3301313, at *1 (D. Colo. May 8, 2023) (Brimmer, C.J.) (emphasis added); *see Int'l Primate Prot. League v. Adm'r of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c) … give … no discretion to dismiss rather than remand an action."); *accord Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557–58 (10th Cir. 2000).

This case must be remanded under § 1447(c) for two independent reasons: (1) Trump cannot demonstrate that Petitioners have Article III standing and the Court therefore lacks subject-matter jurisdiction, and (2) Trump's removal was procedurally defective because the Secretary neither joined in nor consented to removal.

I.  **There Is No Article III "Case" Or "Controversy" Because Petitioners Lack Federal Standing.**

This case must be remanded because black-letter law establishes that Petitioner's claims assert only a generalized grievance that cannot support Article III standing.

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Defs. of Wildlife*, 984 F.3d at 944–45 (quoting U.S. Const. art. III, § 2, cl. 1). "Standing 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Id.* at 945 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "Indeed, there is no 'case' or 'controversy' if a plaintiff lacks standing to sue." *Id.* Article III standing is a necessary component of subject-matter jurisdiction, separate and apart from federal question jurisdiction. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018); *New Mexico ex rel. White v. Griffin*, 604 F. Supp. 3d 1143, 1150 n.9 (D.N.M. 2022).

To satisfy "the 'irreducible constitutional minimum' of standing," a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Trump, "as the party invoking federal jurisdiction, bears the burden of establishing these elements," *id.*, and he must do so by "a preponderance of the evidence," *Bd. of Cnty. Comm'rs*, 25 F.4th at 1250.

To defeat remand, then, Trump must prove by a preponderance of the evidence that Petitioners "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578

6

U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* To be "concrete," the injury "must be 'de facto'; that is, it must actually exist" and be "real" rather than "abstract." *Id.* at 340. A mere "generalized grievance" shared by all citizens will not suffice. *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216–17 (1974).

Trump cannot meet this burden. Petitioners are private citizens asserting a paradigmatic "generalized grievance" under federal standing doctrine. Their challenge to Trump's constitutional eligibility is based on an "abstract injury" to the "generalized interest" of voters in "constitutional governance." *Id.* (citizens lacked Article III standing to enforce the Constitution's Incompatibility Clause against Members of Congress).

This is not a close question: "Courts throughout the United States have uniformly concluded that citizens do not have [Article III] standing to bring lawsuits challenging a candidate's eligibility for national office." Order of Dismissal, at 4, *Caplan v. Trump*, No. 23-cv-61628, ECF No. 17 (S.D. Fla. Aug. 31, 2023)[3] (citing cases); *Drake v. Obama*, 664 F.3d 774, 781–82 (9th Cir. 2011) (no standing to challenge constitutional eligibility of President Barack Obama); *Berg v. Obama*, 586 F.3d 234, 239–42 (3d Cir. 2009) (same, presidential candidate Obama); *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (same, presidential candidate John McCain); *Hollander v. McCain*, 566 F. Supp. 2d 63, 71 (D.N.H. 2008) (same). Indeed, federal courts have recently invoked this rationale in suits, like this one, *that seek to enforce Section 3 of the*

---

[3] https://storage.courtlistener.com/recap/gov.uscourts.flsd.653031/gov.uscourts.flsd.653031.17.0.pdf.

*Fourteenth Amendment against Trump* and other alleged participants in the January 6, 2021 attack on the United States Capitol. *See, e.g.*, *Caplan*, No. 23-cv-61628, ECF No. 17, at 2–6 (no standing in Section 3 disqualification suit against Trump); *Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *1 (3d Cir. Nov. 4, 2022) (no standing in Section 3 disqualification suit against gubernatorial candidate and state legislator Doug Mastriano); *Stencil v. Johnson*, 605 F. Supp. 3d 1109, 1115–19 (E.D. Wis. 2022) (no standing in Section 3 disqualification suit against U.S. Senator Ron Johnson and U.S. Representatives Thomas Tiffany and Scott Fitzgerald); *New Mexico ex rel. White v. Griffin*, 604 F. Supp. 3d 1143, 1146–50 (D.N.M. 2022) (no standing in Section 3 disqualification suit against New Mexico county commissioner Couy Griffin).[4]

State courts, by contrast, are free to hear claims challenging presidential primary candidates' constitutional eligibility where state law so allows. *See, e.g.*, *Elliott v. Cruz*, 137 A.3d 646, 658 (Pa. Commw. Ct. 2016) (adjudicating the merits of voter challenge to presidential primary candidate Ted Cruz's constitutional eligibility brought under state law), *aff'd*, 134 A.3d 51 (Pa. 2016); *Ankeny v. Governor of Ind.*, 916 N.E.2d 678, 680–81, 689 (Ind. Ct. App. 2009) (same, in suit challenging constitutional eligibility of Obama and McCain).

Here, Petitioners are "eligible electors," and Colorado law gives them standing to sue in state court. *See* C.R.S. § 1-4-1204(4), § 1-1-113(1) (provisions authorizing an "eligible elector" to sue in district court to prospectively "challenge … the listing of any

---

[4] The courts in these cases appropriately *dismissed* the complaint for lack of Article III standing where the suit was originally filed in federal court, but *remanded* the suit pursuant to § 1447(c) where, as here, the case was removed from state court.

8

candidate on the presidential primary election ballot"). This reflects the breadth of standing doctrine in Colorado courts, where "the test [for standing] … has traditionally been relatively easy to satisfy," *Ainscough v. Owens*, 90 P.3d 851, 856 (Colo. 2004), and standing can be conferred by statute, *see Wimberly v. Ettenberg*, 570 P.2d 535, 539 (Colo. 1977) (plaintiff has standing if he "suffered [an] injury in fact to a legally protected interest *as contemplated by statutory … provisions*") (emphasis added); *see also Hickenlooper v. Freedom from Religion Found., Inc.*, 338 P.3d 1002, 1008 (Colo. 2014) ("Colorado courts provide for broad individual standing.").

In federal court, however, merely being an eligible Colorado elector is not a sufficiently "particularized" or "concrete" interest to satisfy Article III. And while standing in Colorado courts can be conferred by statute, *see Wimberly*, 570 P.2d at 539, Article III sets a constitutional floor that *cannot* be lowered by any statute, federal or state, *see Spokeo*, 578 U.S. at 339; *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) ("States cannot alter [federal courts' limited jurisdiction] simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse."). Petitioners' lack of Article III standing jurisdictionally bars this Court from hearing the case.

Trump's Notice of Removal does not address Article III standing at all, let alone demonstrate that Petitioners have suffered a cognizable Article III injury. Because Trump has not and cannot show by a preponderance of the evidence that Petitioners have Article III standing, and because "[s]tanding 'is an essential and unchanging part of the case-or-controversy requirement of Article III,'" *Defs. of Wildlife*, 984 F.3d at 945, this Court lacks subject-matter jurisdiction. It follows that, under the "plain language of

§ 1447(c)," *Fent*, 235 F.3d 553, 557–58, this "case *shall* be remanded," 28 U.S.C. § 1447(c) (emphasis added); *see Hill v. Vanderbilt Cap. Advisors*, 702 F.3d 1220, 1224–25 (10th Cir. 2012) (noting that "remand under § 1447(c) is mandatory" and that "courts have uniformly" held that a plaintiff's lack of "standing in a removed case requires the court to remand rather than dismiss") (citing cases).[5]

## II. Trump's Removal Is Procedurally Defective Because The Secretary Neither Joined In Nor Consented To Removal.

Under 28 U.S.C. § 1446(2)(A), "When a civil action is removed solely under section 1441(a), *all defendants* who have been properly joined and served must join in or consent to the removal of the action." (emphasis added). Here, Trump removed under section 1441(a), *see* Notice of Removal, ECF No. 1, after the Secretary was served, but the Secretary neither joined in nor consented to removal. "[T]he failure of all defendants to consent to removal will result in remand." *Am. Fam. Mut. Ins. v. FOT LLC*, No. 22-cv-02128, 2022 WL 3655345, at *2 (D. Colo. Aug. 25, 2022); *see also Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant ... did not join in the petition for removal and the petition was thus procedurally defective.").

The Secretary was "properly joined and served" under 28 U.S.C. § 1446(2)(A) before Trump filed the Notice of Removal on September 7, 2023. On September 6—the

---

[5] *See also, e.g.*, *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Collier*, 889 F.3d at 894; *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014); *Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 993-4 (11th Cir. 2022); *Plazzi v. FedEx Ground Package Sys., Inc.*, 52 F.4th 1, 8 (1st Cir. 2022) (citing cases); *Griffin*, 604 F. Supp. 3d 1143. Not only is remand mandatory under § 1447(c), it is the "correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196.

day Petitioners filed this suit and the day before Trump removed—the Secretary waived and accepted service, *see* Ex. 2, and Petitioners filed that waiver in the state court at 3:42 p.m., *see* Ex. 1. Thus, by the time Trump filed his Notice of Removal on September 7, the Secretary was a "properly joined and served" co-defendant of Trump. *See, e.g., Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 814 (M.D. Tenn. 2019) (holding that consent of a co-defendant is needed even though the defendant was "unable to confirm" co-defendant has been served).

The Secretary was properly joined and served in the case but neither joined in nor consented to removal; thus, Trump's attempted removal is defective and the case must be remanded. *See* 28 U.S.C. § 1446(2)(A); *Am. Fam. Mut. Ins.*, No. 22-cv-02128, 2022 WL 3655345, at *2; *see also Cornwall*, 654 F.2d at 686.

## CONCLUSION

This case must be remanded back to state court for two independent reasons: Petitioners lack Article III standing, and the Secretary neither joined in nor consented to removal.

Dated: September 8, 2023         Respectfully submitted,

　　/s/ Jason Murray
Mario Nicolais, Atty. Reg. # 38589
KBN Law, LLC
7830 W. Alameda Ave., Suite 103-301
Lakewood, CO 80226
Phone: 720-773-1526
Email: Mario@kbnlaw.com

Martha M. Tierney, Atty. Reg. # 27521
Tierney Lawrence Stiles LLC

11

225 E. 16th Ave, Suite 350
Denver, CO 80203
Phone: 303-356-4870
Email: mtierney@tls.legal

Eric Olson, Atty. Reg. # 36414
Sean Grimsley, Atty. Reg. # 36422
Jason Murray, Atty. Reg. # 43652
Olson Grimsley Kawanabe Hinchcliff & Murray
 LLC
700 17th Street, Suite 1600
Denver, CO 80202
Phone: 303-535-9151
Email: eolson@olsongrimsley.com
Email: sgrimsley@olsongrimsley.com
Email: jmurray@olsongrimsley.com

Donald Sherman*
Nikhel Sus*
Jonathan Maier*
Citizens for Responsibility and Ethics in
 Washington
1331 F Street NW, Suite 900
Washington, DC 20004
Phone: 202-408-5565
Email: dsherman@citizensforethics.org
Email: nsus@citizensforethics.org
Email: jmaier@citizensforethics.org

*Admission to this District's bar pending

*Counsel for Petitioners*

12