**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-2291

**NORMA ANDERSON, MICHELLE PRIOLA, CLAUDINE CMARADA, KRISTA KAFER, KATHI WRIGHT**, and **CHRISTOPHER CASTILIAN**

    Petitioners,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State, and **DONALD J. TRUMP**

    Respondents.

**COLORADO REPUBLICAN STATE CENTRAL COMMITTEE'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 24**

Movant, the Colorado Republican State Central Committee, respectfully moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24, and requests the Court accept its proposed Complaint in Intervention, attached hereto.

Pursuant to D.C.COLO.LCivR 7.1, counsel for Movant has requested consent from the parties. Respondent Donald Trump consents to this motion. Undersigned counsel sent an email to counsel for the Petitioners on Friday, September 8, 2023. Another email was sent and two telephone conference occurred on Monday, September 11, 2023. Petitioners oppose the intervention pending the decision on the motion to remand. No counsel for Respondent Colorado Secretary of State has appeared.

For the reasons stated below, Movant requests that this Court grant this motion and allow the Republican Committee of Colorado to intervene as of right, or alternatively, via permissive intervention, to represent its interests in this action.

1

I.      **The Movant, Colorado Republican Committee**

The Colorado Republican State Central Committee, also known as the Colorado Republican Committee, is an unincorporated nonprofit association and Political Party Committee in the state of Colorado, operating under Colorado law. Its primary purpose, as reflected in its Bylaws, is to elect duly nominated Republican candidates to office, to promote the principles and achieve the objectives of the Republican Party, and to perform its functions under Colorado election law. Also, according to the Colorado Republican Committee's bylaws, no candidate for any designation or nomination for partisan public office shall be endorsed, supported, or opposed by it, acting as an entity, or by its state officers or committees, before the Primary Election, unless such candidate is unopposed in the Primary Election.

Its interests, clearly implicated in this action, are to elect Republican candidates and to protect the access of its members, statewide, to as many candidates as possible. Nominating and designating candidates is its core role – regardless of who any particular candidate might be. Movant seeks intervention in this action to protect its processes and procedures, and the voter access of its members. The claims advanced by Petitioners impair the Movant's interests and those of its members. Indeed, the Petitioners' claims impair the interests of voters everywhere.

As explained below, it is the Movant's job to designate a candidate and present the designated candidate to the Secretary of State, whose role in placing the so-designated candidate on the ballot is ministerial in nature.

II.     **The Movant Requests Intervention as of Right.**

This Court should grant the Colorado Republican Committee's motion for intervention as of right. Intervention as a matter of right under Rule 24(a) is mandated when a federal statute gives the applicant an unconditional right to intervene or when the applicant satisfies each of

four conditions: (1) the applicant has moved for intervention timely; (2) the applicant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest is not represented adequately by existing parties. *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993); *Kane Cnty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019). This circuit "follows a somewhat liberal line in allowing intervention." *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quotations omitted). "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *San Juan Cnty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (*en banc*).[1]

First, the Colorado Republican Committee's motion to intervene is timely. The Tenth Circuit instructs that Rule 24's timeliness requirement should be evaluated "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted). The Tenth Circuit has further explained that such factors "are a function of intervention itself rather than the timing of the motion to intervene. The prejudice prong of the timeliness inquiry measures prejudice caused by the intervenors' delay-not by the

---

[1] This matter initially arose in the District Court for the City and County of Denver, Colorado. That does not alter the disposition of this motion before this Court, however. To the extent Colorado state procedural rules do apply, this analysis would not substantively differ. *Warne v. Hall*, 373 P.3d 588, 592 (Colo. 2016) ("[W]e have always considered it preferable to interpret our own rules of civil procedure harmoniously with our understanding of similarly worded federal rules of practice."). However, the Colorado procedural rules should not govern this matter; Federal Rule 24 governs in Federal Court. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010) ("Congress has undoubted power to supplant state law, and undoubted power to prescribe rules for the courts it has created.").

intervention itself." *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (internal citation omitted). This action was filed in State Court on Wednesday, September 6, 2023. The action was removed to federal court on Thursday, September 7, 2023. Under the state procedural law that ostensibly governed the state action, a hearing would have been held on this matter on Monday, September 11, 2023, even though that rule does not preempt constitutional claims, and the state courts lack jurisdiction to even hear constitutional challenges in such an action. *See Kuhn v. Williams*, 418 P.3d 478, 489, ¶55. Accordingly, this motion to intervene, by being filed now, was filed in a timely fashion.

Second, the Colorado Republican Committee has a significant, legally protectable interest relating to the transaction that is the subject of this action. While Rule 24(a) does not explicitly specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S. Ct. 534, 542, 27 L. Ed. 2d 580 (1971). The threshold for finding the requisite legally protectable interest is not high. The Tenth Circuit has stated that, "[s]uch impairment or impediment need not be 'of a strictly legal nature,'" and a court "'may consider any significant legal effect in the applicant's interest and [we are] not restricted to a rigid res judicata test.'" *Coalition of Ariz./N.M. Cntys. for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996) (quoting *Nat. Res. Def. Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). "A protectable interest is one that would be impeded by the disposition of the action." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017)

4

(quotations omitted).

A district court in this circuit has explained in detail why a Republican Committee has interests justifying intervention in election disputes:

> "The RPNM is similar to the environmental organizations who many courts have recognized to have protectable interests in litigation challenging the goals of those organizations. . . . As an organization involved in helping to elect candidates to office, it has a direct and specific interest in the litigation that is not the same general interest in fair elections that is common to all voters. . . . The RPNM, though, is not asserting "indirect and speculative partisan concerns," but has a concrete interest in this action, and invalidation of the challenged law could directly impact its interest in getting its candidates elected. Its protectable interest in this matter, . . . is not in vague, general interests such as preserving confidence in the electoral system. Its protectable interest is a result of running a slate of state-wide candidates."

*Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008). That analysis applies here, as well. The Colorado Republican Committee has a specific, protectable interest in ensuring that it will be able to designate the candidates of its choosing to public office. It is the Colorado Republican Committee, not the Secretary of State, who has authority to determine who will be the primary choices through a "certificate of designation" or through the petition process. C.R.S. 1-4-102. It is either through the assembly process, C.R.S. 1-4-601, or through the petition process, C.R.S. 1-4-801, that an individual seeks a nomination through the primary. In neither case is the Secretary of State given any duty that is anything other than ministerial; his sole responsibility is to provide to the voters the names of the people selected by the political process. Accordingly, the Colorado Republican Committee has a specific, identifiable interest in ensuring that it has the ability to carry out its decisions through determining its party nominees.

Third, relatedly, the Colorado Republican Committee is situated such that the disposition of this action will impair its ability to protect its interests. The Tenth Circuit has emphasized that "the question of impairment is not separate from the question of existence of an interest." *Natural*

*Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978). Moreover, "the Rule refers to impairment 'as a practical matter.' Thus, the court is not limited to consequences of a strictly legal nature." *Id.* "'To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. *This burden is minimal*.'" *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997)) (emphasis added).

A decision in this case adverse to Respondent Trump would likewise have an adverse effect on the Colorado Republican Committee. Should the Colorado Republican Committee wish to designate Respondent Trump as a candidate for President pursuant to its applicable rules and procedures, an adverse decision in this action impairs its ability to do so with res judicata effect, just as much as if it had been a party to the litigation. Moreover, this case has broader consequences on the ability of the Colorado Republican Party to designate or nominate the candidates of its choosing. Accordingly, there is a clear likelihood that the Movant's interests would be impaired by this action, justifying intervention as of right.

Finally, the Colorado Republican Committee's interests in this matter is not represented adequately by the existing Respondents. "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate. *Sanguine, Ltd.*, 736 F.2d at 1419 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see Nat'l Farm Lines v. Interstate Com. Comm'n*, 564 F.2d 381, 383 (10th Cir. 1977). "An applicant may fulfill this burden by showing collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed in fulfilling his duty to represent the applicant's

6

interest." *Id.* Only "when the objective of the applicant for intervention is *identical* to that of one of the parties" is representation considered to be adequate. *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996) (quotations omitted) (emphasis added). *See Utah Ass'n of Cntys v. Clinton*, 255 F.3d at 1254 (same); *National Farm Lines v. Interstate Com. Comm'n*, 564 F.2d 381, 383 (10th Cir. 1977) (recognizing the proposed intervenor's "slight" and "minimal" burden of establishing that representation of his interests "may be inadequate").

As to the Respondent Secretary of State, this minimal burden is further reduced when it is the government whose ability to adequately represent the potential intervenor's interest is in question. *See Utah Ass'n, of Cntys. v. Clinton*, 255 F.3d 1246, 1254-55 (10th Cir. 2001). "[A] presumption of adequate representation arises when an applicant for intervention and an existing party have the same ultimate objective in the litigation," but the Tenth Circuit has "held this presumption rebutted by the fact that the public interest the government is obligated to represent may differ from the would-be intervenor's particular interest." *Id.* at 1255; *see Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972) (holding that a union member's interest was not adequately represented by the Secretary of Labor because the Secretary had a "duty to serve two distinct interests, which are related, but not identical:" that of the individual union member and that of the general public); *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) ("We have here also the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. The cases correctly hold that this kind of a conflict satisfies the minimal burden of showing inadequacy of representation.")

In this case, the interests of the Secretary of State are clearly different from that of the Colorado Republican Committee. Here, the Secretary of State's interest is primarily that of the public generally, in the general and faithful application of the law. The Colorado Republican Committee's interest is different: its interest is instead in the maintenance of its own rights, autonomy, procedures, operations, prerogatives, and its members. Respondent Secretary Griswold, an active member of the opposing major political party who has publicly weighed in with her views on Respondent Trump, [2] will certainly not adequately represent the Movant's interests in this action, as her mind is already made up: "Today a lawsuit was filed to determine whether former President Donald J. Trump is disqualified from the Colorado ballot *for inciting the January 6th insurrection and attempting to overturn the 2020 Presidential Election.*"[3] Her inherent views and posture will present a conflict with the interests of the Colorado Republican Committee. Regardless, as explained above, her role as a government official, even if properly executed, presents inherently different interests than those of a private litigant, including those of the Movant herein.

Likewise, the Colorado Republican Committee's interests are not fully represented here by Candidate Trump.[4] Respondent Donald Trump clearly has his own important and legitimate

---

[2] Earnest Luning, *Jena Griswold reelected to head Democratic secretaries of state group*, Denver Gazette (Feb, 2, 2023), https://denvergazette.com/outtherecolorado/premium/jena-griswold-reelected-to-head-democratic-secretaries-of-state-group/article_b37ce37a-25b5-5a2d-8322-147445c8782d.html; Tom Porter, *Colorado's secretary of state says Trump supporters are 'chipping away' at secure elections as they're placed in election-oversight roles across the country*, (Nov. 30, 2021), https://www.businessinsider.com/trump-loyalists-chipping-away-secure-elections-jena-griswold-2021-11?op=1.

[3] Colorado Secretary of State Jena Griswold Issues Statement on Lawsuit Pertaining to 14th Amendment and Access to Colorado's Ballot (Sept. 6, 2023), https://www.sos.state.co.us/pubs/newsRoom/pressReleases/2023/PR20230906AccessBallot.html (emphasis added).

[4] As the Tenth Circuit has explained, even if parties apparently have similar interests and align in that sense, their interests may still diverge for multiple reasons. *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1125 (10th Cir. 2019). As explained in *Barnes*:

interests implicated in this action. However, Donald Trump's interests and the Colorado Republican Committee's interests are not identical in several material respects. Movant's interests encompass its operations and processes in all future elections, in perpetuity, and without regard to whether Donald Trump is a candidate on the ballot. This alone makes its interests not identical to Respondent Trump's interests. *Growth*, 100 F.3d at 845.

The Petitioner's claims thwart the autonomy of the Colorado Republican Committee to determine its candidates which it in turn provides to the Secretary of State. If a novel lawsuit like this one, based on the types of conclusory assertions contained in the Verified Petition, and brought before a Republican candidate is even qualified in this state,[5] is allowed to proceed or the relief requested by Petitioners is granted, the Movant is materially harmed – and it is harmed long after the 2024 Presidential Elections are decided. Petitioners are attempting to accomplish a maneuver with the express intent to block from the ballot the candidate it believes the Movant will designate

---

To be sure, Jackson and SLD are both undoubtedly interested in defending against, and ultimately defeating, the claims asserted in Barnes's complaint. From there, however, their interests clearly diverge.… Differences in their pertinent administrative practices could prompt different factual defenses and strategies, both as to class certification-related arguments and the merits. Further, and relatedly, SLD's counsel cannot be expected to act in the best interests of both SLD and Jackson. Rather, SLD's counsel will, and should, act only in the best interests of its client, SLD. And, indeed, SLD admits as much in its appellate brief . . . . We therefore conclude that Jackson easily satisfies the 'minimal' burden of establishing a 'possibility' that its interests will not be adequately represented by SLD.

*Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1125 (10th Cir. 2019). Likewise in this case, Respondent Trump's counsel will act in the best interests of Respondent Trump, while the Colorado Republican Committee's counsel will act in the Committee's best interests.

[5] Secretary Griswold promptly issued a public statement which includes the following: "At the time of this publication, no candidates have qualified for the presidential primary ballot in Colorado. Information about candidates' statuses for the Colorado ballot will be available at GoVoteColorado.gov after candidates begin filing presidential primary paperwork with the Colorado Department of State." Colorado Secretary of State Jena Griswold Issues Statement on Lawsuit Pertaining to 14th Amendment and Access to Colorado's Ballot (Sept. 6, 2023), https://www.sos.state.co.us/pubs/newsRoom/pressReleases/2023/PR20230906AccessBallot.html .

to the Secretary. [*See* Verified Petition, ¶42, Doc. # 1-2, at p. 15 (referencing the Secretary's job to "accept[] a major political party's form designating a candidate 'as a bona fide candidate for president of the United States' who is 'affiliated with [the] major political party,' C.R.S. § 1-4-1204(1)(b)")]. The Movant's interests are not in conflict with Respondent Trump, but they are not identical, either.

### III.   Alternatively, the Movant Requests this Court Grant its Intervention Permissively.

Even if this Court were to find the Colorado Republican Committee ineligible for intervention as of right, it clearly satisfies the requirements for permissive intervention under Rule 24. Federal Rule 24(b)(1)(B), which concerns "permissive intervention," states that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." For context, federal courts across the country have regularly granted permissive intervention to political parties in election-related cases. *See Democratic Party of Va. v. Brink*, No. 3:21-cv-756-HEH, 2022 U.S. Dist. LEXIS 19983, at *2 (E.D. Va. Feb. 3, 2022) ("[Intervenor] is one of Virginia's two major political parties, and it brings a unique perspective on the election laws being challenged and how those laws affect its candidates and voters. Courts often allow the permissive intervention of political parties in actions challenging voting laws for exactly this reason.") (citation omitted).

Both types of intervention share the timeliness requirement. As explained above regarding intervention as of right, the Colorado Republican Committee's motion to intervene is timely. The Colorado Republican Committee's response to the Petitioner's arguments will share common questions of law and fact with the central issue already present in this litigation, namely, disqualification under the Fourteenth Amendment. Intervention will result in neither prejudice nor undue delay.

This case has only just begun, and the Colorado Republican Committee has an interest in ensuring that this matter is resolved as promptly as possible so that it may determine who its designated presidential candidates will be. If intervention is granted, the legal issues present in this case regarding the meaning of the Fourteenth Amendment will be unaltered, and there will likewise be no change to the practical questions before this Court. There would be no additional discovery burden imposed by the addition of the Colorado Republican Committee as an additional party. Accordingly, there would be no burden to the Court or to the parties that would result from intervention. In sum, the Movant "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b). That common question is grounded upon the Fourteenth Amendment to the Constitution of the United States and whether Petitioners' request to thwart the Movant's ability to have its designated candidates presented to the people for a vote.

**WHEREFORE**, Movant respectfully requests that the Court grant this motion and allow the Colorado Republican Committee to intervene and defend its interests in this action.

Respectfully submitted,

/s/ *Michael Melito*
MICHAEL MELITO (CO Bar No. 36059)
MELITO LAW, LLC
1875 Lawrence St., Ste. 730
Denver, Colorado 80202
Telephone: 303-813-1200
Email: Melito@melitolaw.com

/s/ *Robert A. Kitsmiller*
Robert A. Kitsmiller (CO Bar. No. 16927)
Podoll & Podoll, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, Colorado 80111
Telephone: (303) 861-4000
Email: bob@podoll.net
***Counsel for Intervenor***

JAY ALAN SEKULOW*
  (D.C. Bar No. 496335)
JORDAN SEKULOW*
  (D.C. Bar No. 991680)
STUART J. ROTH*
  (D.C. Bar No. 475937)
ANDREW J. EKONOMOU*
  (GA Bar No. 242750)
BENJAMIN P. SISNEY*
  (D.C. Bar No. 1044721)
NATHAN MOELKER*
  (VA Bar No. 98313)
AMERICAN CENTER
FOR LAW AND JUSTICE
201 Maryland Avenue, NE

11

Washington, D.C. 20002  
Telephone: (202) 546-8890  
Facsimile: (202) 546-9309  
Email: bsisney@aclj.org

*Not admitted in this jurisdiction; motion for admission forthcoming.

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 11th day of September 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

*Attorneys for Plaintiffs*
Eric R. Olson
Sean C. Grimsley
Jason C. Murray
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
303-535-9151
eolson@olsongrimsley.com
sgrimsley@olsongrimsley.com
jmurray@olsongrimsley.com

Jonathan E. Maier
Nikhel Suresh Sus
Citizens for Responsibility and Ethics in Washington
1331 F Street NW, Suite 900
Washington, DC 20004
202-408-5565
jmaier@citizensforethics.org
nsus@citizensforethics.org

Mario Daniel Nicolais, II
KBN Law LLC
7830 West Alameda Avenue, Suite 103-301
Lakewood, CO 80226
720-773-1526
mario@kbnlaw.com

Martha M. Tierney
Tierney Lawrence Stiles LLC
225 East 16th Avenue, Suite 350
Denver, CO 80203
303-356-4870
mtierney@tierneylawrence.com

***Attorneys for Respondents***
Geoffrey N. Blue
Scott E. Gessler
Justin T North
Gessler Blue, LLC
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
720-647-5320
626-353-2614
gblue@gesslerblue.com
sgessler@gesslerblue.com
jnorth@gesslerblue.com

14