# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2291

**NORMA ANDERSON, MICHELLE PRIOLA, CLAUDINE CMARADA, KRISTA KAFER, KATHI WRIGHT**, and **CHRISTOPHER CASTILIAN**

> Petitioners,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State, and **DONALD J. TRUMP**

> Respondents

And

**COLORADO REPUBLICAN STATE CENTRAL COMMITTEE**, an unincorporated association

> Intervenor

---

### COLORADO REPUBLICAN STATE CENTRAL COMMITTEE'S COMPLAINT IN INTERVENTION SEEKING DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 24 AND 57

---

COMES NOW, Intervenor Colorado Republican State Central Committee (the "Colorado Republican Committee," or the "State Party"), and, pursuant to Federal Rules of Civil Procedure 24(c) and 57, respectfully submits the following Complaint for declaratory relief.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1346.

2.      This Court has authority to award the requested declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

1

3.  This Court has authority to award Intervenor its reasonable costs and attorney fees pursuant to the general legal and equitable powers of this Court.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Respondent Colorado Secretary of State resides and/or perform its official duties in this district.

## THE INTERVENOR

5.  The Colorado Republican State Central Committee, also known as the Colorado Republican Committee, is an unincorporated nonprofit association and Political Party Committee in the state of Colorado, operating under Colorado law. Its primary purpose, as reflected in its Bylaws, is to elect duly nominated Republican candidates to office, to promote the principles and achieve the objectives of the Republican Party, and to perform its functions under Colorado election law. Also, according to the Colorado Republican Committee's bylaws, no candidate for any designation or nomination for partisan public office shall be endorsed, supported, or opposed by it, acting as an entity, or by its state officers or committees, before the Primary Election, unless such candidate is unopposed in the Primary Election.

6.  Intervenor's interests, clearly implicated in this action, are to elect Republican candidates and to protect the access of its members, statewide, to as many candidates as possible. Nominating and designating candidates is its core role – regardless of who any particular candidate might be. Intervenor seeks intervention in this action to protect its processes and procedures, and the voter access of its members. The claims advanced by Petitioners impair the Intervenor's interests and those of its members. Indeed, the Petitioners' claims impair the interests of voters everywhere.

7.  As explained below, it is the Intervenor's job to designate a candidate and present the designated candidate to the Secretary of State, whose role in placing the so-designated candidate on the ballot is ministerial in nature. *See* C.R.S. § 1-4-1204(1)(b).

8.      The Petitioners' identities are set forth in paragraphs 35-40 of the Verified Petition. Intervenor acknowledges Petitioners' identities as pled but does not concede any factual allegation.

9.      The Respondent Colorado Secretary of State's identity is set forth in paragraph 42 of the Petitioner's Verified Petition. She is sued in her official capacity.

10.     The Respondent Donald J. Trump's identity is set forth in paragraph 43 of the Verified Petition.

## FACTUAL ALLEGATIONS

11.     For the reasons set forth herein, Intervenor, the Colorado Republican Committee, intervenes in this action pursuant to Federal Rule of Civil Procedure 24 and seeks declaratory relief.

12.     This action was filed in the District Court for the City and County of Denver, Colorado, *Anderson v. Griswold*, 2023CV32577, on Wednesday, September 6, 2023. It was removed to federal court on Thursday, September 7, 2023.

13.     Petitioners alleged that, under the state procedural law that ostensibly governed the state action, a hearing should have been held on this matter on Monday, September 11, 2023, even though that rule does not preempt constitutional claims, and the state courts lack jurisdiction to even hear constitutional challenges in such an action. *See Kuhn v. Williams*, 2018 CO 30M, ¶55. Accordingly, this motion to intervene, by being filed now, was filed in a timely fashion.

14.     The Colorado Republican Committee has a significant, legally protectable interest relating to the transaction that is the subject of this action. *See Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008).

15.     The Colorado Republican Committee has a specific, protectable interest in ensuring that it will be able to designate the candidates of its choosing to public office.

16.     It is the Colorado Republican Committee, not the Secretary of State, which has authority

to determine who will be the primary choices through a "certificate of designation" or through the petition process. C.R.S. 1-4-102.

17.     It is either through the assembly process, C.R.S. 1-4-601, or through the petition process, C.R.S. 1-4-801, that an individual seeks a nomination through the primary. In neither case is the Secretary of State given any duty that is anything other than ministerial; his sole responsibility is to provide to the voters the names of the people selected by the political process.

18.     Accordingly, the Colorado Republican Committee has a specific, identifiable interest in ensuring that it has the ability to carry out its decisions through determining its party nominees, and given the relief requested by Petitioners, intervention is necessary to seek declaratory relief to protect its interests and operations under the law.

19.     The Colorado Republican Committee is situated such that the disposition of this action will impair its ability to protect its interests. *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978); *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997)).

20.     The relief sought by Petitioners in this case would have an adverse effect on the Colorado Republican Committee. Should the Colorado Republican Committee wish to designate Respondent Trump as a candidate for President pursuant to its applicable rules and procedures, an adverse decision in this action impairs its ability to do so with res judicata effect, just as much as if it had been a party to the litigation.

21.     Moreover, this case has broader consequences on the ability of the Colorado Republican Party to designate or nominate the candidates of its choosing beyond the 2024 primary.

22.     The Colorado Republican Committee's interest is different from that of all existing parties:

its interest is instead in the maintenance of its own rights, autonomy, procedures, operations, prerogatives, and its members.

23.     Respondent Secretary Griswold, an active member of the opposing major political party who has publicly weighed in with her views on Respondent Trump,[1] will certainly not adequately represent the Intervenor's interests in this action, as her mind is already made up: "Today a lawsuit was filed to determine whether former President Donald J. Trump is disqualified from the Colorado ballot *for inciting the January 6th insurrection and attempting to overturn the 2020 Presidential Election.*"[2]  It is no stretch to conclude that her inherent views and posture will present a conflict with the interests of the Colorado Republican Committee. Regardless, as explained above, her role as a government official, even if properly executed, presents inherently different interests than those of a private litigant, including those of the Intervenor herein.

24.     Respondent Donald Trump clearly has his own important and legitimate interests implicated in this action. However, Donald Trump's interests and the Colorado Republican Committee's interests are not identical in several material respects.

25.     Intervenor's interests encompass its operations and processes in all future elections, in perpetuity, and without regard to whether Donald Trump is a candidate on the ballot. This alone makes its interests not identical to Respondent Trump's interests. *Growth*, 100 F.3d at 845; *see*

---

[1] Earnest Luning, *Jena Griswold reelected to head Democratic secretaries of state group*, Denver Gazette (Feb, 2, 2023), https://denvergazette.com/outtherecolorado/premium/jena-griswold-reelected-to-head-democratic-secretaries-of-state-group/article_b37ce37a-25b5-5a2d-8322-147445c8782d.html; Tom Porter, *Colorado's secretary of state says Trump supporters are 'chipping away' at secure elections as they're placed in election-oversight roles across the country*, (Nov. 30, 2021), https://www.businessinsider.com/trump-loyalists-chipping-away-secure-elections-jena-griswold-2021-11?op=1.

[2] Colorado Secretary of State Jena Griswold Issues Statement on Lawsuit Pertaining to 14th Amendment and Access to Colorado's Ballot (Sept. 6, 2023), https://www.sos.state.co.us/pubs/newsRoom/pressReleases/2023/PR20230906AccessBallot.html (emphasis added).

*Democratic Party of Va. v. Brink*, No. 3:21-cv-756-HEH, 2022 U.S. Dist. LEXIS 19983, at *2 (E.D. Va. Feb. 3, 2022) ("[Intervenor] is one of Virginia's two major political parties, and it brings a unique perspective on the election laws being challenged and how those laws affect its candidates and voters. Courts often allow the permissive intervention of political parties in actions challenging voting laws for exactly this reason.") (citation omitted).

26.     The Petitioners' claims thwart the autonomy of the Colorado Republican Committee to adhere to its own rules and applicable laws to determine its candidates, which it in turn provides to the Secretary of State.

27.     If a novel lawsuit like this one, based on the types of conclusory assertions contained in the Verified Petition, and brought before a Republican candidate is even qualified in this state,[3] is allowed to proceed or the relief requested by Petitioners is granted, the Party is materially harmed – and it is harmed long after the 2024 Presidential Elections are decided.

28.     Petitioners are attempting to accomplish a maneuver with the express intent to block from the ballot the candidate it believes the Party will designate to the Secretary. [*See* Verified Petition, ¶42, Doc. # 1-2, at p. 15 (referencing the Secretary's job to "accept[] a major political party's form designating a candidate 'as a bona fide candidate for president of the United States' who is 'affiliated with [the] major political party,' C.R.S. § 1-4-1204(1)(b)")].

29.     Petitioners' requested relief violates the statutory and constitutional rights of the Party, and its members.

---

[3] Secretary Griswold promptly issued a public statement which includes the following: "At the time of this publication, no candidates have qualified for the presidential primary ballot in Colorado. Information about candidates' statuses for the Colorado ballot will be available at GoVoteColorado.gov after candidates begin filing presidential primary paperwork with the Colorado Department of State." Colorado Secretary of State Jena Griswold Issues Statement on Lawsuit Pertaining to 14th Amendment and Access to Colorado's Ballot (Sept. 6, 2023), https://www.sos.state.co.us/pubs/newsRoom/pressReleases/2023/PR20230906AccessBallot.html .

30.     This case has only just begun, and the Colorado Republican Committee has an interest in ensuring that its rights to designate its candidates pursuant to its rules and state law are declared and protected as promptly as possible so that it may determine who its designated presidential candidates will be.

31.     The Party has associational and speech rights protected by the United States Constitution, and statutory rights protected federal and state law.

## **CAUSE OF ACTION**

### **COUNT I**
**(Declaratory Relief Regarding First Amendment – Freedom of Speech and Association)**

32.     The allegations of all Paragraphs above are incorporated by reference herein as if fully set out.

33.     The First Amendment protects private speech and expression from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

34.     The First Amendment protects the speech and associational rights of associations, including those of the Intervenor.

35.     The relief requested by Petitioners, i.e., the conduct it asks the Court to compel from the Secretary of State, unlawfully deprives Intervenor of its First Amendment rights to engage in protected speech, expression, and association.

36.     The relief Petitioners' seek is a restriction on Intervenor's speech which is content and viewpoint-based and demonstrates a concerted effort to single out, intimidate, exclude, and ultimately silence the Intervenor's operations, association and expression.

37.      Intervenor has been and will continue to be harmed as a direct and proximate result of Petitioners' attempts to violate its constitutional rights, and Intervenor requests the relief set forth below in their Prayer for Relief.

38.     There is a real and justifiable conflict between the parties.

39.     Intervenor seeks a Declaration pursuant to Fed. R. Civ. P. 57 and U.S.C. 28 and U.S.C. 2201 that Petitioner requested relief violates Inventor's First Amendment rights under the U.S. Constitution and therefore must be denied.

## COUNT 2
### (Declaratory Relief Regarding Applicability of U.S. Const. amend. XIV, Sec. 3)

40.     The allegations of all Paragraphs above are incorporated by reference herein as if fully set out

41.     Petitioners seek an Order requiring the Colorado Secretary of State, Defendant Griswold, removing or precluding Defendant Trump from the ballot in Colorado pursuant to U.S. Const. amend. XIV, Sec. 3.

42.     The actions alleged by Petitioners are insufficient to support Petitioners' relief against the Colorado Secretary of State Defendant Griswold.

43.     Intervenor seeks declaratory relief pursuant to Rule 57, Fed. R. Civ. P. and U.S.C 28 and U.S.C. 2201 that Defendant Griswold, pursuant to Petitioners' Complaint, does not have authority to preclude the placement of Defendant Trump on Colorado's ballot pursuant to U.S. Const. amend. XIV, Sec. 3.

## <u>PRAYER FOR RELIEF</u>

Intervenor repeats and re-alleges all allegations set forth above and incorporates those allegations herein by reference, and requests that this Court grant to it the following relief and enter final judgment denying the relief sought by Petitioners:

A.     Declare the relief sought by Petitioners as against the Colorado Secretary of State to be in violation Intervenor's rights under the First Amendment to the United States Constitution and improper under U.S. Const. amend. XIV, Sec. 3;

B.     Declare the relief sought by Petitioners as against the Colorado Secretary of State

to be an unlawful violation of and interference with Intervenor's rights, operations and processes as set forth by Colorado and federal law;

C.      Issue an injunction enjoining Respondent Colorado Secretary of State, and all those in active concert with her, from taking action to interfere with Intervenor's rights, operations and processes protected by and as set forth by First Amendment, and Colorado and federal law;

D.      Award to Intervenor the costs of this action and its reasonable attorney fees; and,

E.      Award such other and further relief as the Court deems equitable and just.

DATED: This 11th day of September, 2023.

Respectfully submitted,

/s/ *Michael Melito*
MICHAEL MELITO (CO Bar No. 36059)
MELITO LAW, LLC
1875 Lawrence St., Ste. 730
Denver, Colorado 80202
Telephone: 303-813-1200
Email: Melito@melitolaw.com

/s/ *Robert A. Kitsmiller*
Robert A. Kitsmiller (CO Bar. No. 16927)
Podoll & Podoll, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, Colorado 80111
Telephone: (303) 861-4000
Email: bob@podoll.net
**Counsel for Intervenor**

JAY ALAN SEKULOW*
  (D.C. Bar No. 496335)
JORDAN SEKULOW*
  (D.C. Bar No. 991680)
STUART J. ROTH*
  (D.C. Bar No. 475937)
ANDREW J. EKONOMOU*
  (GA Bar No. 242750)
BENJAMIN P. SISNEY*
  (D.C. Bar No. 1044721)
NATHAN MOELKER*
  (VA Bar No. 98313)
AMERICAN CENTER
  FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

  *Not admitted in this jurisdiction; motion for admission forthcoming.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of September 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

***Attorneys for Plaintiffs***
Eric R. Olson
Sean C. Grimsley
Jason C. Murray
Olson Grimsley Kawanabe Hinchliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
303-535-9151
eolson@olsongrimsley.com
sgrimsley@olsongrimsley.com
jmurray@olsongrimsley.com

Jonathan E. Maier
Nikhel Suresh Sus
Citizens for Responsibility and Ethics in Washington
1331 F Street NW, Suite 900
Washington, DC 20004
202-408-5565
jmaier@citizensforethics.org
nsus@citizensforethics.org

Mario Daniel Nicolais, II
KBN Law LLC
7830 West Alameda Avenue, Suite 103-301
Lakewood, CO 80226
720-773-1526
mario@kbnlaw.com

Martha M. Tierney
Tierney Lawrence Stiles LLC
225 East 16th Avenue, Suite 350
Denver, CO 80203
303-356-4870
mtierney@tierneylawrence.com

***Attorneys for Respondents***
Geoffrey N. Blue
Scott E. Gessler
Justin T North
Gessler Blue, LLC
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
720-647-5320
626-353-2614
gblue@gesslerblue.com
sgessler@gesslerblue.com
jnorth@gesslerblue.com