IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02291-PAB

NORMA ANDERSON,
MICHELLE PRIOLA,
CLAUDINE CMARADA,
KRISTA KAFER,
KATHI WRIGHT, and
CHRISTOPHER CASTILIAN,

    Petitioners,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State, and
DONALD J. TRUMP,

    Respondents.

## ORDER

    This matter comes before the Court on Petitioners' Unopposed Motion to Remand [Docket No. 15] and Petitioners' Unopposed Motion for Expedited Consideration of Motion to Remand [Docket No. 16].

    Petitioners initiated this action in the District Court for Denver County, Colorado, on September 6, 2023 ("state court case"). Docket No. 8; Docket No. 15 at 3; Docket No. 15-1 at 2. Respondent Donald Trump removed the case to this Court on September 7, 2023. Docket No. 1. The notice of removal states that the "Denver District Court docket does not contain a return of service for Jena Griswold, . . . and to undersigned's knowledge the Secretary has not been served." *Id.* at 5, ¶ 14. Mr. Trump attached a state court docket sheet to the notice of removal that did not show

that Jena Griswold, the Colorado Secretary of State, had been served.  Docket No. 1-1.  The notice of removal does not allege that Secretary Griswold consented to removal.  Docket No. 1.

On September 8, 2023, petitioners filed a motion to remand the case to state court.  Docket No. 15.  The remand motion states that Secretary Griswold was served on September 6, 2023.  *Id.* at 3.  The motion attaches a state court docket sheet showing that Secretary Griswold executed a waiver of service, which was filed in the state court case at 3:42 p.m. on September 6, 2023.  *Id.*; Docket No. 15-1 at 2.  The notice of removal was filed the next day, on September 7, 2023.  Docket No. 1.  On September 12, 2023, Secretary Griswold filed a response to petitioners' motion to remand stating that she "supports the remand to state court."  Docket No. 27 at 1.

Mr. Trump removed the case under 28 U.S.C. § 1441(a).  Docket No. 1 at 1.  Section 1446(b)(2)(A) of Title 28 states that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The Tenth Circuit has held that "lack of unanimity is a procedural defect clearly established by statute as precluding removal."  *Harvey v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(A)); *see also Huffman v. Saul Holdings Ltd. P'shp*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("The failure to comply with the[ ] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999))).

On September 12, 2023, Mr. Trump filed his response to petitioners' motion to remand, wherein he seeks to "withdraw" his Notice of Removal and indicates that he does not object to a remand of this matter to state court.  Docket No. 28 at 1, 3, ¶¶ 2, 6.  In his response, Mr. Trump claims that he did not need Secretary Griswold's consent to remove this matter because she is a nominal party.  *Id*. at 1, ¶ 2.  While it is true that a "federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), petitioners' first claim, which is brought against Secretary Griswold, makes it clear that the Secretary is not a nominal party.  The first claim alleges that:

> As part of her duties "[t]o supervise the conduct of primary" and "general . . . elections in this state," [Colo. Rev. Stat.] § 1-1-107(1)(a), the Secretary is "responsible for ensuring the qualifications of candidates for statewide and federal elections," including presidential candidates, *Hassan v. Colorado*, 870 F. Supp. 2d 1192, 1195 (D. Colo. 2012), *aff'd*, 495 F. App'x 947 (10th Cir. 2012) [unpublished] (Gorsuch, J.) (upholding the Secretary's exclusion of a constitutionally ineligible presidential candidate from the ballot)[.]

Docket No. 8 at 105, ¶ 436.  The first claim further alleges that "[a]ny action by the Secretary to provide ballot access to a presidential primary candidate who fails to meet all constitutional qualifications for the Office of President is an 'impropriety,' [Colo. Rev. Stat.] § 1-4-1204(4), and 'a breach or neglect of duty or other wrongful act,' *id*. § 1-1-113(1)."  *Id*. at 106, ¶ 442.  Thus, petitioners focus their first claim on Secretary Griswold's alleged statutory duty to ensure that candidates for federal elections in Colorado have the necessary qualifications.  Moreover, as Mr. Trump's response to petitioners' motion notes, Secretary Griswold is the person who will make the decision to "allow[ ] or disallow[ ] Trump's name on the ballot."  Docket No. 28 at 2, ¶ 3.

Secretary Griswold is therefore not a nominal party and her consent to removal was therefore required.

Because Secretary Griswold accepted service before Mr. Trump removed the case and she did not join in or consent to removal, the Court finds that removal was defective under 28 U.S.C. § 1446(b)(2)(A).  Therefore, it is

**ORDERED** that Petitioners' Unopposed Motion to Remand [Docket No. 15] and Petitioners' Unopposed Motion for Expedited Consideration of Motion to Remand [Docket No. 16] are **GRANTED**.  It is further

**ORDERED** that this case is remanded to the District Court for Denver County, Colorado, where it was filed as Case No. 2023CV032577.  It is further

**ORDERED** that this case is closed.

DATED September 12, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge